W. LESLIE BENDSLEV, executor, & others *vs.* COMMISSIONER
OF PUBLIC SAFETY.

Suffolk.    January 10, 1952. — February 29, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Equity Pleading and Practice*, Report.

A judge of the trial court in a suit in equity, upon entering an inter-
locutory decree denying without prejudice a motion by the plaintiff
for a temporary injunction to restrain the defendant, a public official,
from enforcing certain regulations, had no power under G. L. (Ter. Ed.)
c. 214, § 30, to report to this court questions of law as to the jurisdiction
of a court of equity to enjoin the enforcement of the regulations and
as to their scope and validity, even though he thought that such
questions had an important bearing on the merits of the case and
should be decided by this court before further proceedings: such
questions were not involved in his interlocutory decree.

BILL IN EQUITY, filed in the Superior Court on April 18,
1951.

A purported report was by *Forte*, J.

*R. Wait*, for the plaintiffs.

*W. S. Kinney*, Assistant Attorney General, for the de-
fendant.

SPALDING, J.   The plaintiffs own and operate motion pic-
ture theatres in this Commonwealth.   In this bill for de-
claratory relief they seek a determination of the validity of
certain regulations promulgated by the commissioner of
public safety under the authority of G. L. (Ter. Ed.) c. 143.
These regulations, it is alleged, prescribe certain rules for
the operation of motion picture projectors, which, as applied
to the plaintiffs, are arbitrary and oppressive.[1]   The plain-

---

[1] The plaintiffs among other things allege that under the regulations now
in force, as interpreted and applied by the defendant, cellulose acetate or
safety film (which constitutes most of the film used by the plaintiffs) is im-
properly classed as combustible film, and as a consequence they are required
to have two operators in attendance in the projection booth instead of one.
The plaintiffs assert that they bring the present proceedings "on behalf of
themselves and such other owners and operators of motion picture theatres
in Massachusetts as may join therein."

tiffs moved for a temporary injunction to restrain the defendant from enforcing the regulations in question during the pendency of the suit or until further order of the court. The judge denied the motion and undertook to report certain questions of law to this court.

The report, as the defendant contends, is not properly here.[1] The authority of a judge of the Superior Court to report interlocutory matters to this court in a suit in equity. is derived solely from G. L. (Ter. Ed.) c. 214, § 30, which provides that "If, upon making an interlocutory decree or order, the justice is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, he may report the question for that purpose . . . ." *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 272. The action of the judge in denying the motion for a temporary injunction, if not the equivalent of an interlocutory decree (see *Bressler* v. *Averbuck,* 322 Mass. 139, 143), was at least an order, and could be the subject of a report under § 30 provided the other requirements of that section are satisfied. But that section does not mean that a judge by reason of having made an interlocutory decree or order is thereby empowered to report to this court questions of law not involved in such order or decree merely because he thinks they may have an important bearing on the merits of the controversy. It is to be noted that the power to report arises only if the judge who makes the decree or order "is of opinion that *it* [the decree or order] so affects the merits of the controversy that the *matter* [the decree or order] ought . . . to be determined by the full court" (emphasis supplied). In other words, the

[1] The report is in these words: "The above entitled suit came on to be heard by me upon the complainants' motion for temporary injunction. I thereupon refused without prejudice to enter the temporary injunction prayed for, but being of the opinion that whether a court of equity has jurisdiction to grant the relief prayed for in this motion and whether cellulose acetate film is excluded as a matter of law by reason of the provisions of G. L. c. 143 from the category of 'combustible film' as used in that chapter and as used in the regulation quoted in the motion for a temporary injunction so affects the merits of the controversy that these matters ought, before further proceedings, to be determined by the full court, I hereby report said questions for that purpose and stay all further proceedings in the above entitled suit except those necessary to preserve the rights of the parties."

questions to be reported must relate to and arise out of the decree or order. See *Dunlop* v. *Claussen,* 313 Mass. 715, 716. But that is not the case here. All that the judge did here was to deny a motion for a temporary injunction. The issuance of such an injunction was discretionary. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211. *Martin* v. *Murphy,* 216 Mass. 466, 468. It is hardly to be supposed that the judge intended to report a question to this court involving the exercise of his discretion. Such a question cannot fairly be said to be one that "so affects the merits of the controversy" that it ought before further proceedings to be determined by this court. "Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273. We do not interpret the report as attempting to bring before us the question of discretion in denying the motion. Rather it attempted to bring here other questions, namely, whether equity has jurisdiction to enjoin the enforcement of the regulations here involved, and whether cellulose acetate film is to be classed as combustible film within the purview of G. L. (Ter. Ed.) c. 143. It may well be that these are questions which are likely to have an important bearing on the merits of the case. But such questions cannot properly be said to arise out of the discretionary ruling denying the motion for a temporary injunction.

*Report dismissed.*