COMMONWEALTH vs. HENRY'S DRYWALL CO., INC.

Middlesex.  September 12, 1972. — November 2, 1972.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Criminal, Report.*

The record of proceedings upon a criminal complaint disclosed that the
case was not an appropriate one for a report under G. L. c. 278,
§ 30A, and for an interlocutory decision by this court on a question
of constitutional proportions, where it appeared that since the
complaint was issued almost five years ago the defendant had ap-
pealed a District Court conviction to the Superior Court and then
had transferred the case to another District Court for trial by a
jury of six, that in that court there were ten unexplained continu-
ances followed by the report and an indefinite continuance, and that
nothing in the record indicated that resolution of the question
would substantially facilitate subsequent proceedings in the trial
court. [556–557]

COMPLAINT filed in the First District Court of East-
ern Middlesex on January 24, 1968.

Upon appeal to the Superior Court and transfer of
the case to the Third District Court of Eastern Middle-
sex, questions of law were reported by *Feloney*, J.

*Terence M. Troyer*, Assistant District Attorney, for
the Commonwealth.

*Robert M. Mardirosian* for the defendant.

QUIRICO, J.  This case is before us on an interlocutory
report of a question under G. L. c. 278, § 30A, inserted
by St. 1954, c. 528.  On January 24, 1968, a complaint
was filed in the First District Court of Eastern Middle-
sex in Malden charging that on January 4, 1968, the
defendant "being a corporation engaged in construc-
tion work, did require or knowingly permit . . . a per-
son employed by it in such work to use certain devices
commonly called stilts, designed to be attached to the
feet or legs of such employee for the purpose of ele-
vating him to high placed or positioned work," in viola-

tion of G. L. c. 149, § 129B, inserted by St. 1964, c. 233, and as appearing in St. 1967, c. 261.[1] On February 6, 1968, the defendant was found guilty and fined on the complaint in the District Court and it appealed to the Superior Court under G. L. c. 278, § 18.

On September 13, 1968, the case was transferred from the Superior Court to the Third District Court of Eastern Middlesex at Cambridge for trial by a jury of six persons.[2] Thereafter the case was continued on ten different dates for varying consecutive periods of time ranging from a minimum of five days to a maximum of about twenty-three months, the last of which expired on December 10, 1971. On the latter date the case was reported to this court and trial of the case was continued indefinitely pending this court's decision thereon.

The report stems from a motion filed by the defendant on November 1, 1971, to dismiss the complaint on the grounds that G. L. c. 149, § 129B, as amended, (a) violates art. 12 of the Declaration of Rights of our Con-

---

[1] Section 129B as thus amended reads as follows: "Whoever, being engaged in construction work, requires or knowingly permits any person employed by him in such work to use certain devices, commonly called stilts, designed to be attached to the feet or legs of such employee for the purpose of elevating him to high placed or positioned work, shall be punished by a fine of not more than one hundred dollars for the first offense, by a fine of not more than five hundred dollars for the second offense, and by a fine of not more than one thousand dollars for any subsequent offense."

[2] Presumably this transfer was made by authority of the following provision contained in St. 1964, c. 628, as amended by St. 1966, c. 360, § 1; St. 1969, c. 253, § 1; and St. 1971, c. 659, § 1, authorizing trials by a jury of six in certain District Courts of Middlesex County: "Any defendant found guilty in any district court of Middlesex county of . . . [specified misdemeanors] who has appealed to the superior court may, at any time before trial on such appeal, claim a trial by a jury of six in the third district court of eastern Middlesex." These same statutes further provide that a defendant whose case is pending in a District Court for trial by a jury of six "may elect to waive a jury of six." See now G. L. c. 218, § 27A, inserted by St. 1972, c. 620. The net effect of these statutes is that a defendant convicted of most misdemeanors has multiple options open to him for further trial. He may have a trial de novo in the Superior Court before a jury of twelve or before a judge, or he may have a trial de novo in the District Court before a jury of six or before another judge of that court. These broad options encourage "forum shopping" and often result in two independent trials before different District Court judges. This may even lead to the situation where the defendant is given separate trials before judges of the same District Court.

stitution, (b) violates the due process clause and the equal protection clause of the Fourteenth Amendment of the United States Constitution, and (c) is unreasonable and unnecessary. After hearing the motion the judge, without ruling on it, reported the following question for decision by this court: "Should the Defendant's Motion to Dismiss be granted dismissing the complaint or should an order issue that the Defendant forthwith be brought to trial, or should some other appropriate disposition be made?" The report describes the prior proceedings in the case, incorporates a stipulation of the parties and certain exhibits, and concludes with the statement that the report "contains all the material facts necessary for a review of the questions of law presented, to which the parties agree." [3]

We assume, despite the form of the question reported, that the basic decision which the judge and the parties would like to obtain from this court is whether G. L. c. 149, § 129B, is constitutional. Before reaching that important question, we feel compelled to consider whether this is an appropriate situation for the exercise of the power conferred by G. L. c. 278, § 30A, to report interlocutory questions of law, in criminal cases for decision by this court. Resort to the history of this statute will shed light on this point.

It is well settled that "[t]he authority of a judge of . . . [an inferior court] to report questions of law for the decision of the full court is wholly the creature of statute." *Commonwealth* v. *Cronin*, 245 Mass. 163, 164, and cases cited. With this premise, the opinion in the *Cronin* case, decided in 1923, continued (p. 165): "The only right to report in criminal cases is found in G. L. c. 278, § 30, and is expressly confined to instances where a person has been convicted. This court has no jurisdiction to decide an interlocutory question arising in

---

[3] The introductory sentence of the stipulation states that the parties "agree that the following facts may be introduced into evidence pertaining to and as basis for defendant's motion to dismiss." The difficulty in determining whether such language is an agreement on facts or merely on evidence is discussed at length in *Frati* v. *Jannini*, 226 Mass. 430, and in *Scaccia* v. *Boston Elev. Ry.* 308 Mass. 310.

a criminal prosecution until the case shall have been finally disposed of by conviction in the Superior Court." This state of the law remained unchanged until the enactment of St. 1954, c. 528, inserting § 30A in G. L. c. 28 to provide as follows: "If, prior to the trial of a person in a criminal case in the superior court, a question of law arises which, in the opinion of the presiding justice, is so important or doubtful as to require the decision of the supreme judicial court thereon before trial, in the interest of justice, he may report the case so far as necessary to present the question of law arising therein; and thereupon the case shall be continued for trial to await the decision of the supreme judicial court." [4]

As early as 1934 there were efforts to obtain passage of a statute similar in purpose to the present G. L. c. 278, § 30A. See 1934 House Bill No. 718, referred to in 19 Mass. L. Q. (No. 2) 9, as relating to "procedure to allow Massachusetts to discover the meaning of its own criminal law." · However, it was not until after the Judicial Council had recommended the passage of legislation authorizing interlocutory reports in criminal cases in its annual reports for 1952 and 1953 that the Legislature enacted the present § 30A in substantially the same language proposed by the Council. See Twenty-eighth Report of the Judicial Council (December, 1952, Pub. Doc. No. 144, 32–35; and Twenty-ninth Report of the Judicial Council (December, 1953), Pub. Doc. No. 144, 36–37. The Judicial Council reviewed the history of statutes authorizing judges of trial courts to report questions of law in both civil and criminal cases to this court and noted that there was no such authority to report

---

[4] No question has been raised about the authority of a judge of a District Court presiding over a session of that court for trials of misdemeanors by a jury of six persons to report a question of law for decision by this court. Although § 30A refers to trials "in the superior court," we note that the several statutes which relate to the trial of misdemeanors in District Courts by a jury of six and which are cited in footnote 2 above provide that the judge presiding over such a session "shall have and exercise all the powers and duties which a justice of the superior court has and may exercise in the trial and disposition of such cases." The same statutes further provide that review after such a trial by a jury of six "may be had directly by the supreme judicial court, by a bill of exceptions, appeal, report or otherwise in the same manner provided for trials by jury in the superior court."

interlocutory questions in criminal cases. It then said (in its Twenty-eighth Report, 34–35) : "It would seem that they should have authority expressly recognized by statute, to deal with exceptional cases and prevent the possible injustice of a protracted trial (lasting perhaps weeks or months and delaying other trials) by a carefully prepared interlocutory report, where the judge considers that justice to the Commonwealth and the defendant calls for a decision whether his ruling on a decisive question of law is right or wrong before everyone involved is subjected to the ordeal of a long trial. Excessive use of such interlocutory reports by trial judges can be readily checked by the sound judicial discretion of the Supreme Court in criminal cases as it is in civil cases. " The Council then quoted the following language from *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259: "Considerable discretion is conferred upon judges of the Superior Court in reporting cases before they are ripe for final judgment. If this discretion should be too generously exercised, and if moot, speculative or subsidiary questions are reported, they would not be considered." See *Terry* v. *Brightman,* 129 Mass. 535, 537–538.

On the basis of the record before us and the history and language of G. L. c. 28, § 30A, we hold that this is not an appropriate case in which to require this court to answer a question of constitutional proportions before the case has been decided on its merits. About four years and nine months have now gone by since the complaint was first issued. Within two weeks after the complaint issued the defendant was found guilty and appealed to the Superior Court. The record is absolutely silent as to what, if anything, occurred in the latter court except that about seven months after taking the appeal the defendant elected to take the case to a second forum — to a District Court for a trial by a jury of six. The record shows no action in the second forum of the defendant's choice for the next three years and three months except for ten continuances and the filing of a motion to dismiss the complaint, all followed by the report to this court and the

further indefinite continuance. The record discloses no reason for any of the first ten continuances. There is nothing in the record to indicate that a trial de novo as requested by the defendant by its appeal, whether it be before a jury of six or before a judge of the District Court, will be either prolonged, expensive, involved or unduly burdensome on the parties or the court.

"Interlocutory matters should be reported only where it appears that they present serious questions likely to be material in the ultimate decision, and that subsequent proceedings in the trial court will be substantially facilitated by so doing." *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273. *Bendslev* v. *Commissioner of Pub. Safety,* 328 Mass. 443, 445. This test is not met in the present case where an interlocutory decision by this court might avoid the necessity of holding what would appear to be a very short trial which the parties have already avoided for almost five years.

"Where conducive to justice, a court may set aside a stipulation made by the parties." *Commonwealth* v. *Clarke,* 350 Mass. 721, 722. See *Loring* v. *Mercier,* 318 Mass. 599. In our opinion, this is such a case. Accordingly, we set aside the stipulation, discharge the report, and remand the case to the Third District Court of Eastern Middlesex for further proceedings.

*So ordered.*