COMMONWEALTH *vs.* GABRIEL SOLOMON.

Suffolk.    January 17, 1977. — February 8, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Practice, Criminal,* Interlocutory report.

This court declined to answer a question reported under G. L. c. 278, § 30A, where the question was not one of importance to the general public, was not one of substantial significance which had not previously been considered by the United States Supreme Court or by either of the appellate courts of the Commonwealth, and was not one in which a ruling favorable to the defendant would result in avoiding a long or otherwise burdensome trial. [92]

COMPLAINTS received and sworn to in the Municipal Court of the City of Boston on February 28, 1974.

Upon appeal to the Superior Court questions of law were reported by *Morrissey,* J., a judge of the Municipal Court of the City of Boston sitting under statutory authority.

*William F. York* for the defendant.

*James E. Foley,* Assistant District Attorney, for the Commonwealth.

GRANT, J.    On June 18, 1974, the defendant was convicted in the Municipal Court of the City of Boston on two complaints, each alleging the commission of an offence under the gaming laws on February 27, 1974. The defendant's appeals to the Superior Court were entered there on June 24, 1974. On September 20, 1974, the defendant secured the court's permission for the late filing of a mo-

tion to suppress evidence in the form of gambling para-
phernalia which had been seized in the defendant's presence
on February 27, 1974, by an officer of the vice control unit
of the Boston police pursuant to a search warrant which
had issued that day out of the Municipal Court. The mo-
tion asserts, among other things, that "[t]he affidavit in
support of the application for the search warrant . . . does
not contain sufficient facts and circumstances to justify a
finding of probable cause."

On September 23, 1974, a judge of the Superior Court,
in the presence of counsel for the defendant, ordered that
a pretrial conference be held on October 11, 1974. Neither
docket reflects any further activity on either complaint
until June 2, 1975. On that date there was granted the
first of nine separate continuances extending until April
20, 1976. Some of the continuances expired before others
were granted; three of the continuances were either re-
quested or agreed to by the defendant; six of them are
unexplained, but none of the six appears to have been
granted over the defendant's objection. It does not appear
that any hearing as such was ever held on the motion.

On April 20, 1976, a Municipal Court judge, sitting in
the Superior Court under statutory authority, reported
four questions of law which he regarded as "so important
and doubtful as to require the decision of the Appeals
Court . . . before trial." G. L. c. 278, § 30A, inserted by
St. 1954, c. 528. *Commonwealth* v. *A Juvenile (No. 2)*, 370
Mass. 677, 678 (1976). *Commonwealth* v. *Graziano*, 371
Mass. 596, 597 (1976). *Commonwealth* v. *Cowan*, 4 Mass.
App. Ct. 796 (1976). Three of the questions reported are
nowhere referred to in the defendant's brief, and we join
the defendant in ignoring them. *Commonwealth* v. *Logan*,
367 Mass. 655, 656, 657 (1975). The remaining question is,
"Whether the affidavit in support of the application for
[s]earch [w]arrant contained sufficient facts and circum-
stances to justify a finding of probable cause for the issu-
ance of a search warrant in light of the constitutional
criteria set forth in the cases of *Spinelli* v. *U. S.*, 393 U. S.
410 (1969) and *Aguilar* v. *Texas*, 378 U. S. 108 (1964)."

We have examined the affidavit in question and, in the exercise of our discretion (*Commonwealth* v. *Benjamin,* 358 Mass. 672, 673, n. 1 [1971], *S. C.* 3 Mass. App. Ct. 604 [1975]), have concluded that it would not be appropriate for us to answer the remaining question. See and compare *Commonwealth* v. *Henry's Drywall Co. Inc.* 362 Mass. 552, 554, 556 (1972), *S. C.* 366 Mass. 539 (1974). Except in the broadest sense, that question is not one of importance to the general public. Contrast *Commonwealth* v. *Haddad,* 364 Mass. 795, 797 (1974). Nor is it one of "substantial significance" (*Commonwealth* v. *Benjamin,* 358 Mass. at 673, n. 1) which has not previously been considered by the Supreme Court of the United States or by either of the appellate courts of the Commonwealth. See and contrast *Commonwealth* v. *Rossetti,* 349 Mass. 626 (1965); *Commonwealth* v. *Monosson,* 351 Mass. 327 (1966); *Commonwealth* v. *Moran,* 353 Mass. 166 (1967); *Commonwealth* v. *Cuddy,* 353 Mass. 305 (1967); *Commonwealth* v. *Snow,* 363 Mass. 778 (1973).

The present does not appear to be an instance in which a ruling favorable to the defendant would result in avoiding a long or otherwise burdensome trial. See *Commonwealth* v. *Benjamin,* 358 Mass. at 673-675; *Commonwealth* v. *Horan,* 360 Mass. 739, 742 (1972); *Commonwealth* v. *Henry's Drywall Co. Inc.* 362 Mass. at 557; *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 279 (1974). "The record discloses no reason for any of the ... [nine] continuances" (*Commonwealth* v. *Henry's Drywall Co. Inc.* 362 Mass. at 557), and we must keep in mind that "interlocutory ... reports should not be permitted to become additional causes of the delays in criminal trials which are already too prevalent." *Commonwealth* v. *Cavanaugh,* 366 Mass. at 279.

The entry on both complaints will be

*Report discharged.*