Commonwealth *vs.* Stephen P. Endicott. March 1, 1984. *Practice, Criminal,* Interlocutory report.

After the defendant had been convicted in the District Court of motor vehicle homicide (G.L. c. 90, § 24G), the Commonwealth sought a ruling of law prior to trial in the jury of six session concerning the application of G. L. c. 90, § 24G, to a beach in Plymouth. Instead, the District Court judge reported two questions to this court under Mass.R.Crim.P. 34, 378 Mass. 905 (1979). The following is one of the questions reported:

> "Whether the testimony in the appended transcript sets forth evidence describing a homicide scene sufficient for a rational jury to find, beyond a reasonable doubt, that the incident in question occurred in a 'way or place to which the public has a right of access . . . or a way or place to which the public has a right of access as invitees or licensees' as those terms are used in General Laws Chapter 90 s. 24G."[1]

The Commonwealth objected to the question reported, but not to a report, on the ground that the issue should be determined on the Commonwealth's offer of proof and not simply on the basis of the transcript of the first trial.

1. Since the evidence at the jury of six trial may differ from that presented at the bench trial, the reported question may have little relevance to the case. For this reason, we decline to answer it. *Commonwealth* v.

---

[1] That statute provides in relevant part: "Whoever, upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees, operates a motor vehicle . . . ." G. L. c. 90, § 24G, inserted by St. 1976, c. 227.

*Henry's Drywall Co.*, 362 Mass. 552, 556 (1972) (speculative questions not to be considered). *Commonwealth* v. *Snow*, 363 Mass. 778, 787 (1973).

2. We decline to reframe the question in the form requested by the Commonwealth because there is nothing in the record to indicate that a trial de novo "will be either prolonged, expensive, involved or unduly burdensome on the parties or the court." *Commonwealth* v. *Henry's Drywall Co.*, 362 Mass. at 557. *Commonwealth* v. *Solomon*, 5 Mass. App. Ct. 90, 92 (1977). Nor do we perceive any other reason for a report in this case. "The normal route of verdict and then appeal" would be preferable here "because of the benefits [afforded by] a completed trial record." *Commonwealth* v. *Lotten Books, Inc.*, 12 Mass. App. Ct. 625, 626 n.3 (1981). See also *Angoff* v. *Angoff*, 1 Mass. App. Ct. 112, 115-116 (1973).

3. The remaining question in the report appears to be one which is not likely to arise at the trial as the Commonwealth seems to rely on a portion of the statute not implicated in the question. Accordingly, we do not answer question two. See *Commonwealth* v. *Benjamin*, 358 Mass 672, 673 n.1 (1971); *Commonwealth* v. *Solomon*, 5 Mass. App. Ct. at 92.

*Report discharged.*

BROWN, J. (concurring). I fully agree with the majority that the report must be discharged. I am puzzled, however, why this matter was reported and not allowed to proceed in the usual course to a decision on the merits. Contrast *Commonwealth* v. *Levin*, 390 Mass. 857, 859-860 (1984). It is quite clear to me that this statute reaches incidents occasioned by motor vehicles on this particular beach property. Even so, the Commonwealth must still, of course, prove beyond a reasonable doubt each and every element necessary to sustain a conviction.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth. *James M. McDonough, Jr.,* for the defendant.