## Commonwealth *vs.* Steven Bankert.

No. 05-P-1082.

Bristol. June 12, 2006. - August 15, 2006.

Present: Green, Dreben, & Grainger, JJ.

*Practice, Criminal,* Report.

This court declined to reach questions that were not properly the subject of a report under Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004), by a trial court in a criminal case. [120-122]

Complaint received and sworn to in the Attleboro Division of the District Court Department on February 25, 2003.

Questions of law were reported to the Appeals Court by *Gregory L. Phillips,* J.

*Theodore J. Koban* for the defendant.

*Matthew Watsky,* Special Assistant District Attorney (*William R. Connolly,* Assistant District Attorney, with him) for the Commonwealth.

Dreben, J. A District Court judge reported six questions to this court stating that the matter came before him "on a criminal complaint by the North Attleborough Conservation Commission [commission] pursuant to M.G.L. Ch. 40 § 21D."[1] We discharge the report.

---

[1]That statute provides for noncriminal dispositions of violations of ordinances, by-laws, rules, or regulations of municipalities. The complaint and the amended complaint in this case do not indicate under what criminal statute, if any, the defendant has been charged and only refer to rules and regulations of the commission. If, as the judge indicated, this is a proceeding under G. L. c. 40, § 21D, it is not a criminal proceeding but, rather, a civil one, and the report is not properly brought in this court. See Mass.R.Civ.P. 64(b), as appearing in 423 Mass. 1410 (1996) (report by District Court is to Appellate Division). We need not decide whether the proceeding was brought under G. L. c. 40, § 21D, or another statute, e.g., G. L. c. 40, § 21, because, in any event, whether civil or criminal, the report must be discharged. For purposes of analysis only, we will treat the report as if it were in a criminal

The following facts, other than the question of title, were determined by the judge to be undisputed. Both Bankert and the town of North Attleborough (town) claim ownership of a section of shoreline to Falls Pond that is adjacent to Bankert's land. Bankert wanted to extend and improve his existing dock on the pond, but was unable to obtain the consent of the commission or of the Department of Environmental Protection. Nonetheless, in 2002, Bankert, without permits from the town, built multiple sections of wooden dock, a float, and a canoe launch.

Claiming that Bankert had violated its regulations, the commission, on September 30, 2002, delivered to Bankert the first of a series of ten citations for violating the "Rules and Regulations Governing Structures on Fall's and Whiting's Pond." On February 25, 2003, the commission filed an application for criminal complaints against Bankert in the District Court.

On the defendant's motion, the judge reported the following questions to this court:

> "1. Was the document entitled initially 'Rules and Regulations Governing Structures On Falls and Whitings Pond,' promulgated by the North Attleborough Conservation Commission on May 28, 2002 and then as subsequently amended, properly adopted such that the regulations are enforceable by administrative, civil or criminal enforcement mechanisms?

> "2. Do the 'Rules and Regulations Governing Structures On Falls and Whitings Pond,' promulgated by the North Attleborough Conservation Commission on May 28, 2002 either individually, or as subsequently amended on August 19, 2003, provide adequate specificity as to the standards to be applied by the North Attleborough Conservation Commission relative to the Construction of docks within the Conservation Commission[']s jurisdiction such that said regulations may be enforced in a manner that does not constitute arbitrary and capricious agency decision making violative of the Massachusetts Declaration of Rights

proceeding, and unlike a civil proceeding, it may be brought prior to trial under Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004).

and the 5th and 14th Amendments to the United States Constitution?

"3. Do the 'Rules and Regulations Governing Structures On Falls and Whitings Pond' promulgated by the North Attleborough Conservation Commission on May 28, 2002 and as subsequently amended, apply to structures created prior to the date of their enactment?

"4. Do the 'Rules and Regulations Governing Structure[s] On Falls and Whitings Pond' apply to new structures constructed, or existing structures that were altered on dates subsequent to the effective date of the rules?

"5. What were the nature and extent of the rights of abutters to Falls Pond to utilize and access the pond for recreational purposes prior to the North Attleborough Conservation Commission's promulgation of the Rules and Regulations governing structures on Falls and Whitings Pond on June 1, 2002?

"6. Whether Bankert's property line extends to the current high flow line of Falls Pond?"

Before discussing the questions, we state the necessary requirements for reporting questions prior to trial. For an excellent discussion of the problems of reporting questions under Mass.R.Crim.P. 34, as amended, 442 Mass. 1501 (2004), see Smith, Criminal Practice and Procedure § 2213 (2d ed. 1983 & Supp. 2006). We first note that under the rule,[2] set out in part in 𝑓. ᵐargin, only a question of law and not one of fact may be : ˙ᵗed. See *Commonwealth* v. *Giang*, 402 Mass. 604, 608 ). Moreover, "[t]he questions of law that are reported ⸴ to trial should be questions of importance to the general I .c, or questions of substantial significance which have not p ˌously been considered by the Supreme Court or by either oʳ ᵃe appellate courts of the Commonwealth." (Footnote oɪ .ted.) Smith, Criminal Practice and Procedure § 2213 (2d

---

[2]. relevant part, rule 34 provides: "If, prior to trial, . . . a question of law aris ꜱ which the trial judge determines is so important or doubtful as to req ɪre the decision of the Appeals Court, the judge may report the case so far as ˙ ꜱcessary to present the question of law arising therein."

ed. 1983). See *Commonwealth* v. *Benjamin*, 358 Mass. 672, 673 n.1 (1971); *Commonwealth* v. *Solomon*, 5 Mass. App. Ct. 90, 92 (1977). As to constitutional questions, our "traditional and salutary practice" is not to answer them in the abstract and to wait "until the circumstances of a case are established" that require an answer to such questions. *Commonwealth* v. *Two Juveniles*, 397 Mass. 261, 264 (1986). Accordingly, we will not determine whether a statute or regulation is void for vagueness until after a trial. See Smith, Criminal Practice and Procedure § 2213 (Supp. 2006). Also, we will not reach questions that may become unnecessary to decide. See *Commonwealth* v. *Downey*, 12 Mass. App. Ct. 947, 947-948 (1981).

Applying these principles, we conclude that none of the questions is properly before us. Question number six is clearly a factual question seeking to determine who has title to a section of the shoreline of Falls Pond. The answer depends not only on documents but also on the fluctuating elevations and shorelines that the judge noted. Moreover, determining ownership may also involve questions of issue preclusion in light of a decision of the Department of Environmental Protection recently upheld in the Superior Court.[3]

Question number one also involves questions of fact. The extent to which the town may regulate the shoreline may also depend on whether, as it claims, the town owns the property.

Question number two is a constitutional question, which we will not answer in the abstract.

The relevance of questions three and four depends on the timing of the construction and whether, as the town claims, Bankert altered an existing structure or whether he created a new structure. Thus, these two questions depend on factual determinations and are premature. One or both may never need to be decided.

Question number five was not addressed in Bankert's brief and "we join the defendant in ignoring [it]." *Commonwealth* v. *Solomon*, 5 Mass. App. Ct. at 91.

[3]Bankert *vs*. Conservation Commission of North Attleborough & others, Bristol Superior Court, No. B05-907 (Aug. 26, 2005).

Commonwealth *v.* Bankert.

Because the questions are not properly the subject of a report, the report is discharged.[4]

*So ordered.*

---

[4]We also note that none of the six questions is an undecided question of substantial significance or question of importance to the general public.