NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1457

ANUSH GAUTHIER

vs.

RAMBLEWILD, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Alleging that she sustained injuries at Ramblewild Adventure Park (adventure park), the plaintiff, Anush Gauthier, brought a negligence claim against the defendant, Ramblewild, LLC, in Superior Court.  The defendant moved for summary judgment on the ground that the plaintiff signed a waiver releasing the defendant from liability (release).  The plaintiff now appeals from the judge's decision finding that the release is valid and enforceable and that the defendant is entitled to judgment as a matter of law.  We affirm.

We review the grant of summary judgment de novo.  See Le Fort Enters. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023).  We view the record evidence, and all reasonable inferences that can

be drawn therefrom, in the light most favorable to the nonmoving party, here the plaintiff.  Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020).  "Summary judgment is appropriate where there is no material issue of fact in dispute, and the moving party is entitled to judgment as a matter of law."  Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

A release of liability is a contract under Massachusetts law.  Sharon v. Newton, 437 Mass. 99, 105 (2002).  "[F]or there to be an enforceable contract, there must be both reasonable notice of the terms and a reasonable manifestation of assent to those terms."  Kauders v. Uber Techs., Inc., 486 Mass. 557, 572 (2021).  "Where the offeree has actual notice of the terms, [the notice] prong is satisfied without further inquiry" (alteration omitted).  Good v. Uber Techs., Inc., 494 Mass. 116, 127 (2024), quoting Kauders, supra.  "Actual notice will exist where the [offeree] has reviewed the terms."  Good, supra, quoting Archer v. Grubhub, Inc., 490 Mass. 352, 361 (2022).

Here, there is no dispute that the plaintiff reviewed the terms of the release and signed it.  Instead, she asserts that the release failed to provide adequate notice of its terms because those terms are ambiguous.

2

While any doubts about the interpretation of a release must be resolved in favor of the plaintiff, an unambiguous and comprehensive release will be enforced as drafted in the absence of fraud or duress.  Cormier v. Central Mass. Chapter of the Nat'l Safety Council, 416 Mass. 286, 288 (1993).  "When a release is raised in defense of [a negligence] claim, the plaintiff bears the burden of proving that it is not a valid bar to her suit."  Sharon, 437 Mass. at 103 n.6.  "Contract language is ambiguous . . . where the phraseology can support reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken" (quotation and citation omitted).  Suffolk Constr. Co. v. Lanco Scaffolding Co., 47 Mass. App. Ct. 726, 729 (1999).  "[A]n ambiguity is not created simply because a controversy exists between parties, each favoring an interpretation contrary to the other's."  Jefferson `Ins. Co. v. Holyoke, 23 Mass. App. Ct. 472, 475 (1987).

The plaintiff contends that the terms of the release are ambiguous as to whether it applies to her.  We disagree.  The release, titled "Ramblewild – General Release of Liability," consists of six paragraphs.  The first paragraph describes the facilities and identifies the parties to the agreement.  It defines "participant" as "[a]ny person who enters the Adventure Park, including without limitation, one who engages in, observes, or accompanies others engaged in or observing any

3

activity, program, or game, or for any other purpose of any nature or description."  The second and third paragraphs address participants who are minors and their parents or legal guardians and require parents or legal guardians to have authority to sign for the minors.  The fourth paragraph provides that any participant who signs the release releases the defendant from liability.  It states the following:

> "I further agree that if I, personally, am a Participant . . . I do hereby forever RELEASE, acquit, discharge and covenant to hold harmless the Released Parties from any and all actions, causes of action, and claims on account of, or in any way growing out of, directly or indirectly, all known and unknown personal injuries or property damage which I may now or hereafter have arising from or related to my Participation at the Adventure Park."

The fifth paragraph allows the released parties the right to photograph and record at the park, as well as to publish the resulting images or sounds for any lawful purpose.

The plaintiff maintains that the placement of the words "I further agree" at the beginning of the fourth paragraph resulted in the release not providing reasonable notice that she was releasing the defendant.  Under her interpretation, the fourth paragraph "continues the theme of the parent or guardian" in the second and third paragraphs, such that the critical release language in the fourth paragraph only releases the defendant from liability as to adult participants who are also the parents

4

or legal guardians of minors participating at the adventure park, not all adult participants.

Like the judge, we do not consider that interpretation to be a fair and reasonable reading of the entire release. For one thing, it "would result in the unusual, if not disturbing, situation where children would be unable to recover from the negligence of the defendant," but "adults without children would be immune from such restrictions." For another, the overall structure and context of the release makes clear that adults without children are subject to the waiver requirement. Adults who enter the adventure park clearly and unambiguously fall within the broad definition of "participant" in the first paragraph, and the release language in the fourth paragraph applies broadly to all participants whether or not they enter with children. In that context, the term "further" does not create an intrinsic connection between the terms of the fourth paragraph and the preceding two paragraphs, but rather simply indicates that there are additional terms in the release. That understanding is supported by the dictionary definition of "further," which is "strong evidence of its common meaning." Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 374 (2013), quoting Matter of the Liquidation of Am. Mut. Liab. Ins. Co., 440 Mass. 796, 801 (2004). See Suffolk Constr. Co. v. Illinois Union Ins. Co., 80

5

Mass. App. Ct. 90, 94 (2011) ("established dictionaries can furnish the approved natural meaning of disputed terms"). When used as an adverb, "further" means "in addition," Webster's Third New Intl. Dictionary 924 (2002), and is synonymous with "additionally," "beyond," "extra," "more," "plus," and "supplementary." Burton, Burton's Legal Thesaurus 439 (6th ed. 2021).

Accordingly, the judge did not err in concluding that the release is valid, enforceable, and applicable to the plaintiff, and summary judgment properly entered for the defendant.

<u>Judgment affirmed</u>.

By the Court (Vuono, Desmond & Toone, JJ.[1]),

Clerk

Entered: November 19, 2025.

---

[1] The panelists are listed in order of seniority.