COMMONWEALTH vs. JOSEPH M. PETRILLO.

Essex. January 5, 1987. — March 19, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Arrest. Constitutional Law*, Search and seizure. *Search and Seizure*, Search incident to lawful arrest.

Police had probable cause to arrest on trespass charges the driver of an automobile parked on school property in violation of a town by-law and thus the police could properly conduct, as incident to a lawful arrest, a search of his person which yielded drug paraphernalia, $279 in cash, and a quantity of cocaine. [489-490]

Where a defendant's arrest for trespass was made on probable cause, and he was charged with trespass simultaneously with charges on drug offenses, the fact that one of the police officers who arrested him may have been aware that the defendant was suspected of drug dealing did not support the defendant's contention that the arrest was a pretext by police to accomplish their purpose of searching him. [490-491]

INDICTMENTS found and returned in the Superior Court Department on August 14, 1985.

A pretrial motion to suppress evidence was heard by *Charles M. Grabau*, J., and the cases were heard by *Robert A. Barton*, J.

The Supreme Judicial Court on its own initiative transferred the cases from the Appeals Court.

*Juliane Balliro* for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant was indicted for possession of cocaine, a Class B controlled substance, with intent to distribute to minors; possession of Diazepam, a Class C controlled substance; and motor vehicle trespass in violation of the town of Saugus by-laws, art. IX, § 26.[1] The defendant moved to

---

[1] The by-law so far as pertinent reads as follows: "Any person, or persons, who drives, operates, parks or leaves a motor vehicle on, or in, any

dismiss the indictments and to suppress the cocaine and other drug paraphernalia, including a scale, a gold-plated cocaine straw, a silver-plated cocaine spoon and $279 in cash, which the police had found in his possession. The motion to suppress was denied. The motion judge dismissed the motor vehicle trespass indictment on the ground that the by-law lacked due process notice requirements and was unconstitutionally vague.[2]

After a jury-waived trial, the defendant was convicted of possession of cocaine with intent to distribute, and of possession of Diazepam. Sentences were imposed. The defendant appealed, and a single justice of the Appeals Court stayed the sentences pending appeal. The case was transferred to this court on our own motion. The sole issue before us is the defendant's contention that the motion judge erred in denying the defendant's motion to suppress evidence.

We summarize the facts as found by the motion judge. On April 12, 1985, at approximately 7:30 A.M., Officers Molloy and Mansfield were ordered to proceed to an area at Saugus High School known as Davis Court to disperse a group of students. On the arrival of the officers in a cruiser, a group of about ten students left the area.

Officer Molloy noticed a brown car parked in the rear of the school in an area beyond Davis Court. Not being able to keep the car in view, Molloy radioed for another cruiser to assist him while he drove his cruiser to the back of the school. While driving to the rear of the school, Officer Mansfield commented to Officer Molloy that he had stopped the car previously for a motor vehicle citation and that another officer had informed him that the owner of the car was suspected of dealing drugs.

---

schoolyard, park, playground or beach, other than authorized persons, shall be deemed a trespasser. Violators may be arrested without a warrant. Any vehicle used, or found in violation of this section may be towed at the expense of the owner and under the direction of the Police Department."

[2] The Commonwealth did not pursue an interlocutory appeal of the dismissal of the motor vehicle trespass indictment. See G. L. c. 278, § 28E (1984 ed.).

As the officers arrived at the brown car the defendant and another man approached the policemen. Officer Molloy first asked who they were. The defendant identified himself as Joe Petrillo. When asked what he was doing, he replied that he was late for class and was checking in with his home room teacher. He explained that he intended to park his car. By this time Officer Molloy had already decided that the defendant was parked on a maintenance access road where parking was prohibited. The defendant's car was not on the asphalt, but was on grass between a high fence and a telephone post. Molloy, suspecting the explanation to be false, suggested going to see the home room teacher. Petrillo admitted he had lied. Molloy announced that Petrillo was under arrest for trespass on town property. Petrillo was patted down and told to empty his pockets. Officer Molloy found what he believed to be cocaine and drug paraphernalia.

The motion judge found that Officer Molloy had no intention of arresting the defendant when he first approached him. Molloy decided to arrest Petrillo only after the defendant admitted lying to him. At that time, Molloy concluded that Petrillo was a student who did not have authority or permission to park there.

The defendant's argument is based solely on the Fourth Amendment to the Constitution of the United States. The search of the defendant was incident to his arrest, and because "[i]t is the fact of [a] lawful arrest which establishes the authority to search . . . ," the defendant correctly asserts that the search and seizure were unlawful if the arrest was in violation of his Fourth Amendment rights. *United States* v. *Robinson*, 414 U.S. 218, 235 (1973). *Gustafson* v. *Florida*, 414 U.S. 260, 263-264 (1973). See *Chimel* v. *California*, 395 U.S. 752, 762-763 (1969). The defendant does not argue that probable cause was lacking simply because the by-law against trespass was declared unconstitutional by the motion judge. See *Michigan* v. *DeFillippo*, 443 U.S. 31, 39-40 (1979). Rather, the defendant argues that the police did not have probable cause to arrest for trespass.

The defendant says that the judge was not warranted in concluding that the police were aware at the time of the arrest

that the defendant's vehicle was parked in a "schoolyard." We disagree. The car was parked at the rear of the school property on a maintenance access road between a fence and the school building. Furthermore, Officer Mansfield, who had been a student at the high school, testified as to his familiarity with the school property. There can be no serious question that he had personal knowledge from which he could conclude that the offense occurred within the schoolyard.

The defendant next contends that, as a student at the high school, he was an "authorized person" under the terms of the by-law and, thus, could not be considered a trespasser. Again we disagree. As a student, the defendant was permitted to park in a designated, and numbered, space in the school's parking lot, but this lot was located in an area distinctly separated from the rear of the school where the offense occurred. The vehicle was parked on the edge of a fire lane which was painted to designate that no parking was permitted. One of the officers knew that no parking had been permitted there when the officer had been a student at the high school. Moreover, neither officer ever had seen cars in that area, other than police cruisers, trash trucks, and the school custodian's truck. Consequently, the officers could properly conclude that the defendant was not an "authorized person" to leave his car in that portion of the schoolyard.

The defendant also fails in his argument that the motion to suppress should have been allowed because the arrest for trespass was a pretext for the search. *United States* v. *Lefkowitz*, 285 U.S. 452, 467 (1932) ("An arrest may not be used as a pretext to search for evidence"). The fact that one of the officers was aware that the defendant was suspected of drug dealing does not, without more, support an argument of pretext. See *United States* v. *Miller*, 589 F.2d 1117, 1128 (1st Cir. 1978), cert. denied, 440 U.S. 958 (1979). Cases cited by the defendant, where it was shown that there was contrivance by the police to accomplish their primary purpose of searching the arrested person, are readily distinguishable from the case before us. See *Taglavore* v. *United States*, 291 F.2d 262, 265 (9th Cir. 1961) (police acknowledged purpose of arrest was to search

defendant suspected of carrying narcotics); *Amador-Gonzalez v. United States*, 391 F.2d 308, 313-314 (5th Cir. 1968) (police suspected defendant was carrying drugs, waited more than one hour after traffic offense before making arrest, and never booked the defendant for the traffic offense). In the case before us, the motion judge expressly rejected the defendant's argument of pretext; the arrest was made on probable cause, and the defendant was charged with trespass simultaneously with the charges related to illegal drugs. "The validity of an arrest is normally gauged by an objective standard rather than by inquiry into the officer's presumed motives. If this were not so, an arrest's validity could not be settled until long after the event." *United States* v. *McCambridge*, 551 F.2d 865, 870 (1st Cir. 1977). "The legitimacy of an arrest for one offense ordinarily will not depend on whether the officer subjectively believed that the arrest might lead to incriminating information regarding another offense." *Commonwealth* v. *Ceria*, 13 Mass. App. Ct. 230, 235 (1982), and cases cited.

*Judgments affirmed.*