COMMONWEALTH vs. MICHAEL S. GEORGE.

Plymouth. November 9, 1989. - February 14, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Motor Vehicle*, Operating under the influence. *Practice, Criminal*, Required finding. *Statute*, Construction. *Way*, Public: what constitutes. *Words*, "Access."

In the circumstances of a prosecution under G. L. c. 90, § 24 (1) (a) (1), for operation of a motor vehicle while under the influence of intoxicating liquor, the centerfield of a public school baseball field was not proved to be a public way or a place or way to which the public had access by motor vehicle as of right or as invitees or licensees; therefore the defendant's motion for a required finding of not guilty should have been allowed. [638-640]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on July 8, 1986.

The case was tried in the jury session of the Wareham Division before *John M. Xifaras, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert S. Creedon, Jr.* (*Thomas G. Brophy* with him) for the defendant.

*James S. Murphy*, Assistant District Attorney (*Mary O'Sullivan Smith*, Assistant District Attorney, with him) for the Commonwealth.

ABRAMS, J. The defendant appeals from a conviction for operating a motor vehicle while under the influence of intoxicating liquor. See G. L. c. 90, § 24 (1) (a) (1) (1988 ed.).[1]

---

[1] The defendant was convicted of operating a motor vehicle without a license in his possession. See G. L. c. 90, § 11 (1988 ed.). On appeal, the defendant neither raises nor argues any issue relating to that conviction. Therefore, any error in that conviction is deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); *Commonwealth* v. *Cundriff*, 382 Mass. 137, 150-151 n.22 (1980), cert. denied, 451 U.S. 973 (1981).

The operation of "a motor vehicle while under the influence of intoxicating liquor" is punishable as a crime only if it occurs "upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees." G. L. c. 90, § 24 (1) (a) (1). The complaint charged the defendant with operating "under the influence of intoxicating liquor, upon a certain public way, or place to which the public has a right of access as invitees or licensees, to wit, West Junior High [School in Brockton]." The defendant drove his truck on the baseball field at West Junior High School. At trial, the parties agreed and the jurors were instructed that the baseball field was not, as a matter of law, a public way.

The defendant claims that the judge erred in denying his pretrial motion to dismiss and his motion for a required finding of not guilty,[2] which renewed the claim made in the pretrial motion that there was no evidence he operated a motor vehicle on a "place to which members of the public have access as invitees or licensees."[3] See G. L. c. 90, § 24 (1) (a) (1).[4] We transferred the case to this court on our own

[2]At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty on all complaints. See Mass. R. Crim. P. 25, as amended, 389 Mass. 1107 (1983). The judge denied the motion. At the conclusion of all the evidence, the defendant renewed this motion. The judge reserved a ruling on the motion and sent the case to the jury.

[3]Although the complaint did not include the language "in any place to which the public has a right of access," G. L. c. 90, § 24 (1) (a) (1), and the offense must be proved as charged, see *Commonwealth* v. *Ancillo*, 350 Mass. 427, 430 (1966), we base our decision on whether the baseball field was a "place to which members of the public have access as invitees or licensees" as well as "a place to which the public has a right of access" within the meaning of G. L. c. 90, § 24 (1) (a) (1).

[4]On appeal, the Commonwealth argues that the baseball field is a public way. We do not consider this argument separately because "[t]he theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review . . . ." *Santa Maria* v. *Trotto*, 297 Mass. 442, 447 (1937). See *Commonwealth* v. *Fernette*, 398 Mass. 658 (1986); *Commonwealth* v. *Thompson*, 382 Mass. 379, 382 (1981). A police officer from Brockton stated that members of the public "can't drive on the field." We add that other facts relied on in this record by the Commonwealth do not support its new contention. See *infra* at 638-640.

motion. We read G. L. c. 90, § 24 (1) (a) (1), as reaching only those places to which members of the public have a right of access by motor vehicle or access as invitees or licensees by motor vehicle. Cf. *Commonwealth* v. *Endicott*, 17 Mass. App. Ct. 1025, 1026 (1984) (Brown, J., concurring) (G. L. c. 90, § 24 [G], "reaches incidents occasioned *by motor vehicles* on this particular beach property" [emphasis supplied]). Because the baseball field was not a place to which the public has a right of access by motor vehicle, we conclude that there was insufficient evidence to warrant submission of the case to the jury. We reverse the judgment, set aside the verdict, and remand the case for entry of a judgment of acquittal.

In reviewing the sufficiency of the evidence, we consider "whether the Commonwealth produced enough evidence, taken in the light most favorable to the Commonwealth, to satisfy any rational trier of fact beyond a reasonable doubt, that each element of the crime was present." *Commonwealth* v. *Hilton*, 398 Mass. 63, 64 (1986). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). We summarize the pertinent portions of the evidence presented to the jury.

On the evening of July 7, 1986, the defendant and a female companion, now his wife, purchased a six-pack of beer. She drove the defendant's pick-up truck to Brockton's West Junior High School where she parked the truck on the grass in centerfield of the school's baseball field. The couple consumed several bottles of beer. At approximately 11 P.M., while making a routine patrol through the school parking lot, Officer James Snyder of the Brockton police department observed the defendant's truck parked on the field. Officer Snyder drove onto the field via a dirt and gravel path which connects the parking lot with the field. The defendant was sitting in the truck's driver's seat. After a brief conversation, Officer Snyder told them to leave the area. The officer then drove away. As the defendant began to drive from the baseball field, he made a sharp turn on the damp grass, which caused the truck to roll over, landing on the driver's side.

At approximately 11:10 P.M., Brockton police officer Michael Dadak observed the defendant's overturned truck on the field, with the defendant still behind the steering wheel. The defendant climbed out of the truck, carrying a brown paper bag, which he tossed away from the truck. Officer Dadak retrieved the bag and found that it contained beer bottles. The defendant admitted to Officer Dadak that he had driven the truck on the grass field. The defendant submitted to two field sobriety tests which, in Officer Dadak's opinion, he failed. The defendant was arrested for violation of G. L. c. 90, § 24 (1) (a) (1), as well as other charges not before us. See note 1, *supra.*

Chapter 90, §§ 1 through 34Q, generally regulates motor vehicles and the operation of motor vehicles in the Commonwealth. "The original statute providing for punishment for operating a motor vehicle 'while under the influence of intoxicating liquor' . . . 'was passed for the protection of travellers upon highways,' " *Commonwealth* v. *Connolly,* 394 Mass. 169, 172 (1985), quoting *Commonwealth* v. *Clarke,* 254 Mass. 566, 568 (1926), "and was not intended to make criminal the use of a motor vehicle in all places within the Commonwealth." *Commonwealth* v. *Clancy,* 261 Mass. 345, 348 (1927). Therefore, our prior cases assume, without discussion, that the term "access," as it appears in § 24, requires inquiry whether the public has access, *by a motor vehicle,* to a particular way or place. See, e.g., *Commonwealth* v. *Callahan,* 405 Mass. 200, 202 (1989); *Commonwealth* v. *Paccia,* 338 Mass. 4, 5 (1958). See also *Commonwealth* v. *Hart,* 26 Mass. App. Ct. 235 (1988); *Commonwealth* v. *Hazelton,* 11 Mass. App. Ct. 899 (1980).

The baseball field is owned and maintained by the city of Brockton. During the summer, members of the public can use the field for baseball and softball games if they first obtain a permit from the city parks department. Members of the public are invited to attend these games and to park their cars in the school parking lot. Seating is provided at the field for spectators.

The right of the public to walk, sit, or play on the grass in centerfield of this ballpark cannot reasonably be construed to include an invitation or license to operate a motor vehicle therein. "It is the status of the way, not the status of the driver, which the statute defines . . . , i.e., it is sufficient if the physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel to invitees or licensees." *Hart, supra* at 237-238. The record does not reveal any of the usual "indicia of accessibility to the public," such as street lights, paving, curbing, abutting houses or businesses, crossroads, traffic, street signs, or hydrants. *Hart, supra* at 237-238, and cases cited. Thus, there is no basis for a determination that the baseball field was open for travel in an automobile.

On the contrary, the record indicates that the baseball field was not a public way or a way to which the public had a right of access as invitees or licensees. Surrounded on three sides by a golf course, the baseball field was located at the rear of the school parking lot, northwest of the school building itself. The jury could have found that, in order to enter the ballfield by motor vehicle, an operator would have to drive over a berm (curb) on the edge of the parking lot. The grass area of the field was connected to the parking lot via two separate entrances. One entrance was paved, but was blocked by a barrier that prevented entry to the field by a motor vehicle. The other was not blocked by any gate or chain, but was unpaved and intended only for use by city equipment servicing the field. Two "no trespassing" signs were posted on the school building, "[a] couple of hundred feet" from the baseball field. One read, "[N]o trespassing of unauthorized personnel,[5] including motor vehicles, per order of Brockton School Department." The other sign said, "[N]o cars beyond this point."

---

[5]Any "unauthorized personnel," including the defendant, who drove a motor vehicle on the field, even though it was public property, would have been a trespasser. See G. L. c. 266, § 120 (1986 ed.); *Commonwealth v. Egleson*, 355 Mass. 259, 262-263, appeal dismissed, 395 U.S. 336 (1969). See also *Commonwealth v. Petrillo*, 399 Mass. 487 (1987).

The facts do not disclose any basis for a member of the public to assume reasonably he or she could properly drive a motor vehicle onto the baseball field. Because there was no evidence the defendant drove the pick-up truck on a public way, a way to which the public had a right of access, or a way to which the public had a right of access as invitees or licensees, the defendant's motion for a required finding of not guilty should have been allowed.

The judgment is reversed and the verdict set aside. The case is remanded for entry of a judgment of acquittal.

*So ordered.*