COMMONWEALTH *vs.* ERIC A. MUISE. No. 89-P-474. March 28, 1990. *Motor Vehicle*, Operating under the influence. *Way*, Public: what constitutes. *Practice, Criminal*, Required finding. *Judge*.

On April 10, 1988, about 7:30 P.M. a State police trooper, in response to a telephone call, went to a certain unnamed private way off Route 1 in Peabody. Upon arrival, the trooper observed an individual, later determined to be the defendant, seated on a motorcycle, stopped on a paved way leading from Route 1 (a public way) to a mobile home (trailer) park.

The defendant's feet were on the pavement, and he was wearing a helmet but no protective eye gear. The trooper drove up to the defendant and requested his license and registration. The defendant turned off the motorcycle, dismounted, and began looking for those items. As the defendant got off the motorcycle the trooper observed that he was unsteady on his feet. While inquiring as to the defendant's current address, the trooper smelled a strong odor of alcohol emanating from the defendant. The trooper also observed that the defendant's eyes were glassy and red. The defendant was asked whether he would be willing to take a field sobriety test. He assented and the trooper proceeded to administer the alphabet test, which the defendant failed. The defendant also was asked to perform the one-leg stand test; this too he failed. Based on those tests the trooper determined that the defendant was under the influence of alcohol. The defendant then was placed under arrest. Upon arrival at the State police barracks the defendant was taken to the booking room, at which time the trooper gave him his Miranda rights. The defendant was booked and placed in a cell, where he caused some disruption.

Upon his conviction of operating a motor vehicle while under the influence of intoxicating liquor, the defendant principally argues on appeal that because there was insufficient evidence, as matter of law, that his operation of the motorcycle occurred on "any way or in any place to which members of the public have access as invitees or licensees" (G. L. c. 90, § 24[1][a][1]), as appearing in St. 1982, c. 373, § 2, it was error for the judge to deny his motion under Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979), for a required finding of not guilty. The defendant correctly asserts that the reasoning of *Commonwealth* v. *Hart*, 26 Mass. App. Ct. 235 (1988), controls this question in all material respects.

In reviewing the denial of the defendant's motion we must "appraise the evidence in a light most favorable to the government, without weighing contrary evidence presented by the defense. . . . So measured, we ask whether the evidence was sufficient to warrant a rational trier of fact in concluding beyond a reasonable doubt" (26 Mass. App. Ct. at 236) that the road on which the defendant was operating his motorcycle on the evening of April 10, 1988, is a "place to which members of the public have access as invitees or licensees." The record evidence is sufficient to sustain the denial of the defendant's motion for a required finding of not guilty.

"It is the status of the way, not the status of the driver, which the statute defines." *Id.* at 237-238. The cases collected in *Commonwealth* v. *Hart* suggest that the usual "indicia of accessibility to the public" are paved roads, the absence of signs prohibiting the public access, street lights, curbing, abutting houses or businesses, crossroads, traffic, signs, signals, lighting, and hydrants. *Id.* at 238.

The arresting officer testified that the way here was paved with asphalt (with no curbing), is approximately 200 feet in length, and leads from

Route 1 (a public highway) into a trailer park.[1] Trailers that are used as year-round residences abut on each side of the way. There were no signs prohibiting the public from access to the road. We think this evidence provided a sufficient basis for the judge properly to conclude that "the physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel to invitees or licensees." *Commonwealth* v. *Hart*, 26 Mass. App. Ct. at 238, and cases cited therein. See and contrast *Commonwealth* v. *George*, 406 Mass. 635, 639 (1990).

The defendant also argues that certain of the judge's statements suggest that he improperly may have relied on his personal knowledge of the area in finding the defendant guilty.[2] See and compare *Commonwealth* v. *Kingsbury*, 378 Mass. 751, 754 (1979). Although we look with disfavor on the judge's statements, we are confident that his determination that "all . . . elements [of the offense] have been established" would have been the same absent his personal knowledge.

The defendant seems to imply that the judge relied on his personal knowledge of the area in determining that "access" to the way was not prohibited.[3] The record indicates otherwise, however. In commenting on the indicia of accessibility to the public the judge stated specifically that "this is a way that is not restricted by signage [*sic*] or anything else that I *heard*, both on direct or cross" (emphasis supplied). The judge's conclusion that the way was accessible to the public was amply supported by the competent evidence adduced at trial. Contrast *Commonwealth* v. *George*, *supra*.

*Judgment affirmed.*

---

[1]The way is near the Sir John Motel's parking lot and is separated from that lot by a grassy strip.

[2]The judge stated: "Applying my life experiences, which fortunately or perhaps unfortunately for Mr. Muise, has been as a resident of Peabody, having driven into these trailer parks, bringing children, going into the wrong trailer park, turning around and coming back out again, and certainly never feeling that it was anything other than a right that I had, just as I'd turn down any other road and take the wrong road as I'm dropping them off, going to a Boy Scout meeting or a Cub Scout meeting or whatever, that — and with the other comments that I have made, proximity to the Sir John Motel — my understanding is directed and convinced, my reason and judgment are satisfied, that the element of public way has been proved true, as well."

[3]The judge stated: "I think the Commonwealth, as it's happened a couple of times, skates perilously close, when they have these kinds of situations and don't introduce or don't seek to bring in the owners of the property to put them on the stand and indicate that there is no prohibition for access, *but in this particular case, since it happens to be in my home town — Mr. Muise might not be a beneficiary of my ignorance —* but anyway, that's — I conclude that all three elements have been established and that I'm going to find the defendant guilty . . . " (emphasis supplied).

*Terrence W. Kennedy* (*James D. Barretto* with him) for the defendant.
*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.