COMMONWEALTH *vs.* SHEILA CABRAL. No. 09-P-1336. August 5, 2010. *Motor Vehicle,* Operating under the influence, Operation. *Way,* Public: access.

After a jury-waived District Court trial, the defendant appeals from a conviction of operating a motor vehicle while under the influence of intoxicating liquor (OUI). See G. L. c. 90, § 24(1)(a)(1). We affirm.

*Discussion.* The defendant, who does not challenge being under the influence of intoxicating liquor, argues that the Commonwealth failed to present sufficient evidence that (1) the defendant "operate[d] a motor vehicle" (2) "upon any way or in any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees." See G. L. c. 90, § 24(1)(*a*)(1). We consider "whether the evidence, in its light most favorable to the Commonwealth, notwithstanding the contrary evidence presented by the defendant, is sufficient . . . to permit the [judge, as finder of fact,] to infer the existence of the essential elements of the crime charged . . . ." *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979).

1. *Operation of a motor vehicle.* Circumstantial evidence may be exclusive evidence of operation of a motor vehicle, a required element of OUI. See *Commonwealth* v. *Petersen,* 67 Mass. App. Ct. 49, 52 (2006); *Commonwealth* v. *Rand,* 363 Mass. 554, 562 (1973). Here, Officer Robert George testified that after responding to an accident on Prairie Avenue, he observed a pick up truck 20 feet "off the end of the road onto a tree stump and a large rock." He further testified that Prairie Avenue, which intersects with Acushnet Avenue, is a dead end street. The rear bumper of the vehicle was facing the road. Officer George observed the defendant "on her hands and knees outside of the open driver's door." He then saw the defendant get behind the wheel of the truck, and the reverse lights came on as she attempted to back up but the wheels spun without touching the ground. This evidence was sufficient to prove that the defendant had operated the vehicle by driving on Prairie Avenue. *Commonwealth* v. *Petersen, supra* at 52 (sufficient evidence of operation where engine still warm, defendant had keys, defendant was registered owner, appeared intoxicated, agreed to and complied with sobriety tests and no evidence indicated that someone else operated car). See *Commonwealth* v. *Woods,* 414 Mass. 343, 354, cert. denied, 510 U.S. 815 (1993); *Commonwealth* v. *Cromwell,* 56 Mass. App. Ct. 436, 438-439 (2002). Contrast *Commonwealth* v. *Mullen,* 3 Mass. App. Ct. 25, 26 (1975) (insufficient evidence of operation where defendant was thrown from passenger side of automobile despite evidence he owned vehicle and had previously driven it).

"Viewed as a whole, th[e] evidence reasonably supports an inference that the defendant was the operator of the crashed car. 'That the case against [the defendant] was "circumstantial" in some sense of that dubious term does not suggest that the proof was insufficient.' " *Commonwealth* v. *Petersen, supra*

at 52-53, quoting from *Commonwealth* v. *Best*, 381 Mass. 472, 483 (1980). See *Commonwealth* v. *Congdon*, 68 Mass. App. Ct. 782, 784 (2007); *Commonwealth* v. *Flanagan*, 76 Mass. App. Ct. 456, 464 (2010).

2. *Public way.* A "public way" is defined as "any place to which the public has a right of access, or upon any way or in any place to which members of the public have access as invitees or licensees." G. L. c. 90, § 24(1)(*a*)(1). It is the "objective appearance of the way that [determines] its status, rather than the subjective intent of the property owner." *Commonwealth* v. *Kiss*, 59 Mass. App. Ct. 247, 249 (2003). We look to see if the "physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel . . . ." *Commonwealth* v. *Hart*, 26 Mass. App. Ct. 235, 238 (1988). In the absence of a certificate from the clerk of the city, which provides prima facie evidence of a public way, other evidence offered at trial can prove this factual issue. See *id.* at 237 (intersecting streets and general use by the public); *Commonwealth* v. *Muise*, 28 Mass. App. Ct. 964, 965 (1990) ("[T]he usual 'indicia of accessibility to the public' are paved roads, the absence of signs prohibiting the public access, street lights, curbing, abutting houses or businesses, crossroads, traffic, signs, signals, lighting, and hydrants"); *Commonwealth* v. *George*, 406 Mass. 635, 637 (1990), citing *Commonwealth* v. *Endicott*, 17 Mass. App. Ct. 1025, 1026 (1984) (Brown, J. concurring); *Commonwealth* v. *Smithson*, 41 Mass. App. Ct. 545, 549-550 (1996) ("indicia of accessibility to the public include . . . abutting houses or businesses"). See generally *Commonwealth* v. *Belliveau*, 76 Mass. App. Ct. 830, 832-835 (2010). See also *Commonwealth* v. *Stoddard*, 74 Mass. App. Ct. 179, 182 (2009).

Here, Officer George testified that he was a patrol officer employed by the city of New Bedford, and that he had been a police officer for thirteen years. He stated that Prairie Avenue was lined with single family homes, and was an "average city block." He also testified that he believed there was a street sign at the corner of Acushnet Avenue and Prairie Avenue, and that Prairie Avenue was open to the public for use. Furthermore, there were not any "no trespassing signs" or signs indicating that Prairie Avenue was a private way. New Bedford police Officer William Stowell, who arrived at the scene of the incident, testified that he had worked in the area for four or five years and was "familiar with Prairie Avenue." He also testified that the city maintains Prairie Avenue, plows the streets in the winter, and fills in the potholes in the summer, although he had never witnessed such a snow removal or filling of potholes on Prairie Avenue. Because Officer Stowell regularly patrolled the area, the fact finder could reasonably infer that he would know which roads were maintained by the city, and this evidence was probative of whether the public had access upon the way. Officer Stowell's testimony that "anyone with an operating motor vehicle" was allowed to use Prairie Drive was probative of general use by the public. See *Commonwealth* v. *George*, *supra* at 638 (" 'access' as it appears in § 24, requires inquiry whether the public has access, by a motor vehicle, to a particular way or place"). In sum, the testimony of Officers George and Stowell that the street was open to the public was permissible. See Mass. G. Evid. § 701 and note at 213-214 (2010) (lay witness's testimony in the form of opinions or inference permissible where rationally based on the perception of the witness).

In its totality, the evidence presented was sufficient for a reasonable fact finder to determine that the public had access, by a motor vehicle, to Prairie

Avenue, and that the street was a "public way." While the defendant notes that Prairie Avenue had no sidewalks or curbing, which weighs against finding that the way was public, the evidence here in favor of the way being public is dispositive.

*Judgment affirmed.*

*Maurice A. Reidy, III*, for the defendant.

*Craig A. Souza*, Assistant District Attorney, for the Commonwealth.