The defendant was convicted by a District Court judge of operating a motor vehicle under the influence of intoxicating liquor (OUI), G. L. c. 90, § 24 (1) (a ) (1). On appeal, he claims the evidence at trial was insufficient to establish (1) that he operated a motor vehicle on a public way, and (2) that his ability safely to operate the motor vehicle was impaired by alcohol. We affirm.
Discussion. When reviewing the sufficiency of the evidence, "we ask whether, viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Cohen (No. 1), 456 Mass. 94, 120 (2010), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The essential elements of OUI under G. L. c. 90, § 24, are "(1) operation of a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995).
The defendant claims that the evidence at trial was insufficient to establish that the apartment complex parking lot where the defendant was observed pulling out of a parking spot was a "way," that is, "any place to which the public has a right of access," or "any way or ... any place to which members of the public have access as invitees or licensees." G. L. c. 90, § 24 (1) (a ) (1). We disagree. The evidence established that the parking lot was paved, that visitors parked there, and that motorists used the lot as a "cut-through" to avoid traffic at the intersection of Winter and Middle Streets. There were no "no trespassing" signs, gates, or any other barriers at either entrance to the parking lot. Thus, the judge could have reasonably inferred that "the physical circumstances of the way [were] such that members of the public may reasonably conclude that it [was] open for travel to invitees or licensees." Commonwealth v. Hart, 26 Mass. App. Ct. 235, 238 (1988). See Commonwealth v. Muise, 28 Mass. App. Ct. 964, 965-966 (1990). While residents had called the police to tow illegally parked cars in the past, "it is the objective appearance of the way that is determinative of its status, rather than the subjective intent of the property owner" or residents. Commonwealth v. Smithson, 41 Mass. App. Ct. 545, 549 (1996).
Equally unavailing is the defendant's claim that there was insufficient evidence that his ability to safely operate the motor vehicle was impaired by alcohol. General Laws c. 90, § 24, is intended to "protect the public from drivers whose judgment, alertness, and ability to respond promptly and effectively to unexpected emergencies are diminished because of the consumption of alcohol." Commonwealth v. Connolly, 394 Mass. 169, 172-173 (1985). Thus, to obtain a conviction under the statute, "the Commonwealth need not prove the defendant actually drove unskillfully or carelessly." Id. at 172. Instead, the evidence must be sufficient to support an inference that the defendant's consumption of alcohol diminished his "ability" and "capacity" to operate a motor vehicle safely (emphasis in original). Id. at 173. See Latimore, 378 Mass. at 677.
Such an inference was "reasonable and possible" in this case, Commonwealth v. Angelo Todesca Corp., 446 Mass. 128, 133 (2006), where the defendant "showed the signs ... of being very drunk." Commonwealth v. Haley, 23 Mass. App. Ct. 10, 12 (1986). He had glassy eyes and slurred speech, he was belligerent, he was unsteady on his feet, and he smelled of alcohol. Id. See Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994). Viewed in the light most favorable to the Commonwealth, this evidence supported an inference that the defendant's "faculties" were affected by alcohol. Haley, supra at 13. The conviction was not based on "speculation or surmise as to [the defendant's] operating capacit[y]." Commonwealth v. Tynes, 400 Mass. 369, 377 n.3 (1987). In short, the evidence of impairment due to alcohol was sufficient.
Judgment affirmed.