NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-845

COMMONWEALTH

vs.

HUDSON CARVALHO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from a District Court judge's dismissal of a complaint charging the defendant with operating a motor vehicle while under the influence of intoxicating liquor (OUI) in violation of G. L. c. 90, § 24 (1) (a) (1). Because we conclude that there was probable cause to believe that the defendant operated a motor vehicle on a public way, we reverse the order of dismissal and order the complaint reinstated.

We summarize the relevant facts set forth in the application for criminal complaint, reserving pertinent facts for later discussion. The defendant was arrested by a Massachusetts State police trooper on the grounds of the Joint Base Cape Cod (JBCC). The trooper was called to the scene by military police after the defendant entered the restricted military base through a gate. Within ten minutes, the trooper

stopped the defendant as he was attempting to exit the JBCC at the Bourne gate located on Connery Avenue, a public way. The trooper smelled alcohol and noticed that the defendant's eyes were bloodshot and glassy, and his speech slurred. After the defendant admitted to drinking alcohol earlier in the day, the trooper ordered him out of the car. The defendant was unsteady on his feet. When the defendant refused to perform any field sobriety tests, the trooper arrested him.

On the first day of his jury-waived trial, the defendant moved to exclude "all evidence" obtained on the grounds of the JBCC. After hearing arguments from the attorneys, the judge allowed the motion over the Commonwealth's objection, and the defendant then moved to dismiss the complaint. After the Commonwealth noted that, without the officer's testimony, "the Commonwealth would have no . . . testimony to provide," the judge dismissed the case for lack of prosecution. The Commonwealth appealed, and also moved to vacate the dismissal. The judge, in a written decision denying the motion, acknowledged that the defendant's motion was "essentially" a motion to dismiss. Relying on information he found on the JBCC website,[1] the judge again concluded that the defendant was not

_____

[1] The judge attached a printout from the JBCC website to his decision.

2

operating on a public way and that the State police did not have "jurisdiction" to arrest him on the JBCC.[2]  This appeal followed.

Discussion.  "[A] motion to dismiss a complaint 'is decided from the four corners of the complaint application, without evidentiary hearing.'"  Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 111 (2013).  "In reviewing a motion to dismiss a complaint, the judge must decide whether the complaint application contains 'sufficient evidence to establish the identity of the accused . . . and probable cause to arrest him.'"  Id., quoting Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982).  "This standard is 'considerably less exacting than a requirement of sufficient evidence to warrant a guilty finding,'" Commonwealth v. Brennan, 481 Mass. 146, 149 (2018), quoting Commonwealth v. O'Dell, 392 Mass. 445, 451 (1984), and

_____

[2] Although not raised by the motion, we are satisfied that the police had enforcement power to arrest the defendant on the JBCC.  The authority of Massachusetts State police officers is statutorily prescribed, see G. L. c. 22C, and, under § 12 of that chapter, "[a]ny uniformed member of the state police . . . shall enforce all traffic rules, regulations and ordinances on streets adjacent to buildings owned or occupied, wholly or in part, by the Commonwealth."  The record established that the Commonwealth owned 2,200 acres of the JBCC and had control over the 1,100 acres owned in fee simple by the Federal government. See Commonwealth v. Brown, 51 Mass. App. Ct. 702, 706 (2001) (roadways in JBCC reservation "are also routinely patrolled by the Massachusetts State police, who enforce the traffic control provisions of G. L. c. 90 with respect to motorists using the roadways of the reservation").

requires only that the complaint application "set forth 'reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense'" (citation omitted). Humberto H., supra. Whether the complaint application establishes probable cause is a question of law; thus, we review the motion judge's determination de novo. Id. at 566.

Here, the defendant claimed and the judge agreed, based largely on information from the JBCC website, which was not part of the complaint application, that the complaint failed to establish probable cause that the offense took place "upon any way or in any place to which members of the public have access as invitees or licensees." Commonwealth v. George, 406 Mass. 635, 636 (1990), quoting G. L. c. 90, § 24 (1) (a) (1). "It is the status of the way, not the status of the driver" that is determinative, however, and we look to see if the "physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel to invitees or licensees." George, supra at 639, quoting Commonwealth v. Hart, 26 Mass. App. Ct. 235, 237-238 (1988). "A variety of factors bears on the question whether a way is accessible to the public within the meaning of the statute." Commonwealth v. Stoddard, 74 Mass. App. Ct. 179, 182 (2009). "[T]he usual 'indicia of accessibility to the public'" include "street lights, paving,

4

curbing, abutting houses or businesses, crossroads, traffic, street signs, or hydrants." George, supra, quoting Hart, supra. We are satisfied that the complaint application here, including the police report, contained sufficient information to establish probable cause that the defendant operated on a public way.

The police report stated that: (1) the defendant "breached the Sandwich Gate" and entered the JBCC "on the wrong side of the road heading straight into oncoming traffic exiting the outgoing lane"; (2) oncoming traffic was "heavy," consisting of "civilian employees and military members"; and (3) the Bourne gate was located on a public way. The presence of traffic, "civilian employees and military members," and traffic lanes on the JBCC could, with further factual development, support a finding that the defendant operated a motor vehicle on a public way, whether on the JBCC or on the road leading to the Sandwich gate. See Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 217 (2019) ("[t]he existence of a gatehouse does not negate the public nature of the [private parking lot]"); Commonwealth v. Brown, 51 Mass. App. Ct. 702, 712 (2001) (roadways on Massachusetts military reservation public ways because "a considerable number of persons," including military personnel and their families, "[were] authorized to, and routinely [did]," travel on them). We say "could" on purpose; by this ruling, we do not decide whether the defendant operated on a public way --

5

that conclusion is for the factfinder -- but only that the complaint sufficiently alleged operation on a public way. See Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 835 (2010) ("there was no other way to get to the pier by automobile except by the public roads connecting to the pier"). See also Brennan, 481 Mass. at 149, quoting Commonwealth v. Bell, 83 Mass. App. Ct. 61, 64 (2013) ("A judge considering a motion to dismiss should not confuse the question of probable cause to arrest with questions more properly resolved by the fact finder at trial").

Accordingly, we reverse the order dismissing the complaint and order the complaint reinstated.

So ordered.

By the Court (Neyman, Grant & Hershfang, JJ.[3]),

Joseph F. Stanton

Clerk

Entered: July 19, 2023.

---

[3] The panelists are listed in order of seniority.