NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-67

COMMONWEALTH

vs.

ALEXANDER DEJESUS DOMINGUEZ ORTIZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Alexander Dejesus Dominguez Ortiz, was convicted of operating under the influence of intoxicating liquor (OUI) pursuant to G. L. c. 90, § 24 (1) (a) (1). On appeal, the defendant challenges the sufficiency of the evidence establishing that he operated a motor vehicle on a public way. We affirm.

Background. Around 2:15 A.M. on April 11, 2022, police officers responded to a parking lot at the intersection of Main Street and Granite Street in Framingham, where a car was stuck on top of a small retaining wall. The defendant was in the driver's seat and appeared intoxicated. At trial, the defendant

argued that the parking lot was not a public way and that therefore the evidence was insufficient.  The trial judge denied the defendant's motions for a required finding of not guilty at the close of the Commonwealth's case and at the close of all the evidence, and denied the defendant's motion for judgment notwithstanding the verdict.  This appeal followed.

Discussion.  In an OUI prosecution, the Commonwealth must prove, inter alia, that the defendant operated a motor vehicle on a public way, which is "any way or . . . any place to which the public has a right of access, or . . . any place to which members of the public have access as invitees or licensees." Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 217 (2019), quoting G. L. c. 90, § 24 (1) (a) (1).  The defendant contends that the Commonwealth failed to present sufficient evidence that the parking lot was a public way.  We disagree.[1]  We review a challenge to the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the Commonwealth, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Colas, 486 Mass. 831, 836 (2021), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

---

[1] Because there was sufficient evidence for a reasonable fact finder to conclude that the parking lot was a public way, we need not reach the defendant's alternative argument.

2

"It is the status of the way, not the status of the driver, which the statute defines." Commonwealth v. Hart, 26 Mass. App. Ct. 235, 237-238 (1988). "Moreover, it is the objective appearance of the way that is determinative of its status, rather than the subjective intent of the property owner." Commonwealth v. Smithson, 41 Mass. App. Ct. 545, 549 (1996). "[I]t is sufficient if the physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel." Hart, supra at 238. See Commonwealth v. Stoddard, 74 Mass. App. Ct. 179, 182-183 (2009). "Some of the usual indicia of accessibility to the public include paving, curbing, traffic signals, street lights, and abutting houses or businesses." Smithson, supra at 549-550. Negative indicators include signage and barriers prohibiting access. See Commonwealth v. George, 406 Mass. 635, 639 (1990) (barriers and signs restricting access by motor vehicles indicated lack of public access).

Here, the evidence was sufficient for a reasonable fact finder to conclude that the parking lot was a public way. There was no gate or physical barrier restricting access to the parking lot. See Commonwealth v. Cabral, 77 Mass. App. Ct. 909, 910 (2010) (city-owned property unrestricted by signs or barriers was public way). Compare Stoddard, 74 Mass. App. Ct. at 183 ("presence of a gate severely restricting general access

3

to the campground" significant).  The lot did not close.  See

Commonwealth v. Kiss, 59 Mass. App. Ct. 247, 250 (2003) (parking

lot was public way even when stores were closed).  Indeed, the

responding officer testified that the lot was "totally

accessible."  See Cabral, supra at 910 (officer's testimony that

anyone could use road was probative of public use); Commonwealth

v. Brown, 51 Mass. App. Ct. 702, 711 (2001) (that many members

of public traveled through reservation was indicative of public

way).  Compare Stoddard, supra at 180 (way was private where lot

was gated, commercial, and only accessible with electronic

access card).  Parking spaces in the lot were delineated by

white lines and concrete parking blocks at the end of each

space.  See Brown, supra at 710-711 (paving, painted lines, and

guardrails were indicative of public way); Commonwealth v.

Colby, 23 Mass. App. Ct. 1008, 1010 (1987) (paving, traffic

lanes, and streetlights were indicative of public way).

We disagree with the defendant's contention that the

presence of a small sign limiting parking to customers and staff

is dispositive.  See Smithson, 41 Mass. App. Ct. at 549

(objective appearance is determinative of status, not subjective

intent of owner); Hart, 26 Mass. App. Ct. at 236-237 (road was

public way despite presence of small sign restricting access to

employees).  Moreover, the sign here restricted parking, not

entry and passage.  The totality of the evidence was sufficient

4

for a reasonable fact finder to conclude that the parking lot was a public way.

_Judgment affirmed._

By the Court (Blake, C.J.,
 Meade & Grant, JJ.[2]),

Clerk

Entered:  April 8, 2025.

---

[2] The panelists are listed in order of seniority.