COMMONWEALTH *vs.* MAURICE VADEN.

Suffolk.    April 5, 1977. — September 19, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Practice, Criminal,* Interlocutory appeal or report.  *Evidence,* Previous
    testimony of unavailable witnesses, Tape recording.

A report of a criminal case under G. L. c. 278, § 30A, should indicate
    that entertaining the case for interlocutory appellate review will con-
    tribute more to its reasonably prompt disposition than it will to a
    delay in disposition. [400]
The mere fact that there was no legislative basis for making a tape
    recording of the testimony of a witness at the probable cause hear-
    ing of a complaint against the defendant did not render the re-
    cording inadmissible at his subsequent trial on an indictment. [400-
    401]

INDICTMENT found and returned in the Superior Court
on October 8, 1975.

A question of law was reported by *Beaudreau, J.,* to
the Appeals Court. The Supreme Judicial Court on its
own initiative, ordered direct review.

The case was submitted on briefs.

*James D. McDaniel, Jr.,* for the defendant.

*Richard A. Hannaway,* Assistant District Attorney, for
the Commonwealth.

QUIRICO, J.   The defendant is awaiting trial on an indict-
ment charging him with the crime of robbery. The case
is before us on an interlocutory report by a judge of the
Superior Court under G. L. c. 278, § 30A, of an evidentiary
question which may arise at the trial of the indictment.
The report was initially entered in the Appeals Court, as
required by G. L. c. 211A, § 10, and it was thereafter trans-
ferred to this court for direct appellate review pursuant to
the same statute.

The facts giving rise to the report were stipulated to be
the following: "On September 10, 1975, there was a prob-

able cause hearing on Boston Municipal Court Complaint No. 1974 (75) which charges this defendant with the unarmed robbery of Rita Miniutti. The hearing was before Doerfer, J." Mr. Vaden was represented by counsel, Attorney C. Lanzilli and his hearing was held together with that of a co-defendant Randall DesChamps. At the outset of the hearing all the witnesses rose and were severally sworn. The alleged victim, Mrs. Rita Miniutti, who was among those severally sworn, testified and was cross-examined by counsel for Mr. Vaden. Probable cause was found and in due course the above numbered indictment was returned in this matter. Subsequently the alleged victim died of causes, unrelated to the alleged robbery. She had been in ill health for some time. A tape recording device was operating in the court room during the probable cause hearing. According to the records of the Boston Municipal Court Clerk's Office, Master Tape no. 186 was the tape which recorded that hearing. That tape has remained in the custody of the Clerk except for two occasions when it was sent out for making a cassette tape copy. The second occasion in June, 1976, resulted in the sealed tape cassette copy with accompanying certificate which is an exhibit in this matter.

"For the purpose of reporting a question on law in this case and for that purpose only, the above facts are stipulated."

The interlocutory report by the judge is in the following form: "There is no legislative basis for tape recording of testimony in district courts. Therefore, this case is somewhat unlike the circumstances appearing in [*Commonwealth*] v. *Mustone*, 353 Mass. 490 [1968], and [*Commonwealth*] v. *Glassman*, 253 Mass. 65 [1925].

"Therefore, pursuant to [G. L. c. 278, § 30A], I am reporting this case to determine whether the tape recording of the deceased alleged victim, Rita Miniutti's testimony at the probable cause hearing may now be admitted in evidence at the trial in the Superior Court."

It appears from the docket entries furnished to us that this report arose out of a hearing on the defendant's mo-

tion to suppress the tape recording mentioned in the stipulation and the report. Before considering the question reported, it may be appropriate to comment once again on the subject of interlocutory appeals and reports arising out of pre-trial motions to suppress evidence.

Requests for pre-trial review of rulings of the Superior Court on motions to suppress originate most frequently with an application under G. L. c. 278, § 28E, for leave to appeal. That statute interposes a requirement that the application for leave to appeal be presented to the single justice of this court before proceeding further. If the application is granted by him, the single justice may hear the appeal or he may report it to the full court or to the Appeals Court for hearing. However, if he denies the application, or if he grants it and the appeal is heard by a single justice, "the determination of the motion to suppress evidence shall be open to review by the full court after trial in the same manner and to the same extent as determinations of such motions not appealed under the interlocutory procedure ... authorized [in G. L. c. 278, § 28E]." G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16.

In *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 279 (1974), we said: "When an application for an appeal is granted under G. L. c. 278, § 28E, trial is stayed pending prosecution and determination of the appeal. The situation is thus similar to that arising under G. L. c. 278, § 30A, on a report before trial. See *Commonwealth* v. *Henry's Drywall, Inc.* 362 Mass. 552, 554-557 (1972). An interlocutory appeal, like a report, may be appropriate when the alternatives are a prolonged, expensive, involved or unduly burdensome trial or a dismissal of the indictment. See *Commonwealth* v. *Benjamin,* 358 Mass. 672, 673, n.1 (1971); *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971); *Commonwealth* v. *Pignone,* 361 Mass. 566 (1972). But interlocutory appeals and reports should not be permitted to become additional causes of the delays in criminal trials which are already too prevalent. See *Commonwealth* v. *Horan,* 360 Mass. 739, 742-743 (1972)."

By contrast to the procedure under § 28E, when a trial

judge allows an interlocutory report on a question arising from a motion to suppress evidence, there is no prior screening by the single justice, and the interlocutory question is placed directly before the full bench of the appellate court. It is therefore important that the report itself, or the accompanying stipulation or record, give some indication of why there should be interlocutory appellate review rather than resort to action under G. L. c. 278, § 28E, or appellate review after trial. In line with what we said in *Commonwealth* v. *Cavanaugh, supra,* what are the alternatives which render interlocutory review appropriate in this case? Are they "a prolonged, expensive, involved or unduly burdensome trial or a dismissal of the indictment"? *Id.* In short, it would be desirable to have some indication that entertaining the case for interlocutory appellate review would contribute more to the reasonably prompt disposition of the case than it would to delay or further delay in the disposition.

We come now to the question which was reported. We assume for the purposes of this opinion that the case involves a situation in which it is in all respects otherwise proper and permissible for the Commonwealth to introduce evidence of the testimony given by the late Rita Miniutti at the probable cause hearing in the Municipal Court of the City of Boston, and that the only question is whether the evidence offered to prove her prior testimony may include or be based on the taped record made when she testified. The only basis suggested by the report for the question is that "[t]here is no legislative basis for tape recording of testimony in district courts."

Our answer to the question is that if the evidence of the prior testimony is otherwise admissible, the mere fact that there is no legislative basis for the making of the tape does not render the evidence inadmissible. We assume that before either the tape or its contents are admitted in evidence, there will be the requisite proof that the tape or a witness testifying on the basis thereof can substantially reproduce the prior testimony of Rita Miniutti in all material particulars. *Commonwealth* v. *Mustone,* 353 Mass.

373 Mass. 401                                                401

490, 494 (1968). *Commonwealth* v. *Glassman*, 253 Mass. 65, 74-75 (1925). Since the case is before us on a statement of agreed facts, we decline the defendant's suggestion that we consider and discuss factual questions, not included in the report or stipulation, relating to the authentication of the tape or to its accuracy or reliability. Those questions are not now before us.

The conclusion reached by us on the present question is controlled in all respects by our opinion of this same date in *Commonwealth* v. *DiPietro, ante,* 369 (1977), which includes a discussion of the mode of proving the prior testimony of an unavailable witness. It is unnecessary to repeat or extend that discussion further for the purposes of this case.

*So ordered.*