COMMONWEALTH *vs.* NICHOLAS J. SAMPSON, JR. August 12, 1985. *Search and Seizure,* Probable cause. *Probable Cause.*

There may well have been articulable reasons, rising to the dignity of probable cause, for the experienced police officer to believe that illegal gaming was going on at the Starting Gate Bar and that the defendant was involved, but they do not appear in his affidavit in support of an application for a warrant to search the defendant. With due regard for the need to read supporting affidavits in a common sense fashion and not in a technical manner, we are of opinion that the warrant was bad and that the motion to suppress evidence taken from the defendant should have been allowed. See *United States* v. *Ventresca,* 380 U.S. 102, 108 (1965); *Commonwealth* v. *Taglieri,* 378 Mass. 196, 198, cert. denied, 444 U.S. 937 (1979); *Commonwealth* v. *Labelle,* 15 Mass. App. Ct. 175, 179 (1983).

We assume, without needing to decide, that the observations of the affiant and other police officers made over two weeks, were sufficient to establish probable cause to believe that criminal activity was taking place at the bar. As to the defendant, however, the affidavit said only: "On [one] occasion [the affiant and another officer] entered the premises and observed a white male, 50 yers [*sic*], 5'10", 190 lbs., glasses, at a table in the bar and an unknown white male who was writing a notation of a number pool number on a 3" x 5" pad of white paper. When the white male saw the officers inside the premises he tried to conceal the pad of paper." The Commonwealth concedes that the white male who tried to conceal the paper was the one who had been writing on it and was not the defendant. The defendant was the 190 pound man, who from his account appears to have been observed merely in proximity to the man who was acting furtively.

Even if we infer that the defendant and the furtive man were seated at the same table, the image conjured up is as consistent with innocence as with criminal activity on the part of the defendant. Compare *Commonwealth* v. *Reddington*, 395 Mass. 315, 321 (1985); LaFave, Search and Seizure, § 3.2, at 483-484, § 3.6(c) (1978 & Supp. 1985) and cases cited. A person's proximity, without more, to others independently suspected of criminal activity does not establish probable cause to search that person. *Ybarra* v. *Illinois*, 444 U.S. 85, 91 (1979). See also *United States* v. *Chadwick*, 532 F.2d 773, 784 (1st Cir. 1976), aff'd 433 U.S. 1 (1977). Notably absent from the affidavit is any assertion that could tie the defendant to illegal activity. There is no statement, for example, that the defendant appeared to be engaged in business with the furtive man writing numbers on a pad, cf. *Commonwealth* v. *Mele*, 358 Mass. 225, 227-229 (1970); *Commonwealth* v. *Labelle*, 15 Mass. App. Ct. at 178-180, or that the defendant had been present repeatedly amidst the apparent criminal activity in the bar, cf. *Ker* v. *California*, 374 U.S. 23, 37 (1963), or that he was already known to police from prior proceedings as a taker of bets. Cf. *Commonwealth* v. *Moran*, 353 Mass. 166, 170 (1967).

Although we grant an applicant for a search warrant the benefit of the doubt, see *Commonwealth* v. *Alessio*, 377 Mass. 76, 82 (1979). Compare *United States* v. *Leon*, 468 U.S. 897, 918-919 (1984), we cannot invent links to probable cause entirely missing from the affidavit. See *Commonwealth* v. *Taglieri*, 378 Mass. at 201; *Commonwealth* v. *Kaufman*, 381 Mass. 301, 304-305 (1980); *Commonwealth* v. *Wright*, 15 Mass. App. Ct. 245, 250-251 (1983).

*Judgments reversed.*
*Verdicts set aside.*

*John J. Bonistalli* for the defendant.
*Daniel P. Napolitano*, Assistant District Attorney, for the Commonwealth.