## COMMONWEALTH *vs.* ILDO CORREIA.

No. 05-P-235.

Plymouth. January 12, 2006. - April 21, 2006.

Present: KANTROWITZ, COHEN, & GRAHAM, JJ.

*Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Threshold police inquiry, Probable cause, Automobile. *Threshold Police Inquiry. Probable Cause. Controlled Substances.*

A District Court judge properly denied a criminal defendant's motion to suppress evidence that police found in the motor vehicle stop that led to the defendant's arrest, where, after detecting the odor of marijuana emanating from the car in which the defendant was a rear seat passenger, the police had probable cause to order the defendant out of the car and, after seeing the remains of a marijuana cigarette in his vicinity, to search him for further evidence of use and possession. [176-178]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on May 15, 2002.

A pretrial motion to suppress evidence was heard by *James F.X. Dinneen,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Judith A. Cowin,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court.

*Jane Larmon White,* Committee for Public Counsel Services, for the defendant.

*Therese M. Wright,* Assistant District Attorney, for the Commonwealth.

COHEN, J. Charged with drug offenses,[1] the defendant filed a motion to suppress evidence found by the police in the course

---

[1]The defendant was charged with possessing a Class D substance with intent to distribute, in violation of G. L. c. 94C, § 32C, and doing so within one thousand feet of a school or park, in violation of G. L. c. 94C, § 32J.

of the motor vehicle stop that led to his arrest. A judge of the District Court denied the motion, and the defendant petitioned for leave to file an interlocutory appeal. A single justice of the Supreme Judicial Court allowed the petition and reported the matter to this court. See Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996); G. L. c. 278, § 28E. The question presented is whether, after detecting the odor of marijuana emanating from the automobile in which the defendant was a rear seat passenger, it was lawful for the police to order the defendant out of the vehicle and, after seeing the remains of a marijuana cigarette in his vicinity, to search him for further evidence of use and possession.

1. *The suppression hearing.* The only witness at the suppression hearing was one of the arresting officers, George Almeida of the Brockton police department. After hearing Almeida's testimony and the arguments of counsel, the judge orally issued his findings of fact and conclusions of law.

The judge found that on the day in question, Almeida and his partner, Michael Skinner, were on routine patrol.[2] As the officers were driving into a parking lot behind the car in which the defendant and three other individuals were riding, Almeida noticed that the car's inspection sticker had expired. The officers pulled over their cruiser, stepped out, and approached the defendant's car. Almeida stood on the driver's side, and Skinner on the passenger side.

Skinner and the driver conversed across the front seat passenger, through the passenger side window, which had been rolled down. As they spoke, Skinner made eye contact with Almeida and signaled that there was an issue of drugs in the car.[3] The driver then rolled his window down a short distance, at which point Almeida could smell the odor of burnt marijuana.

Almeida, who testified that he had been specifically trained to recognize the smell of burning marijuana, described the odor coming from the car as "pretty heavy." Although the judge made no explicit findings with respect to Almeida's training or

---

[2]According to Almeida's testimony, the events took place during the day, at approximately 4:40 P.M., on May 14, 2002.

[3]Almeida testified that Skinner raised his eyebrows and said "forty-fours," which is a code for drugs.

the strength of the odor, we adopt the officer's testimony as to these additional facts, since he was the only witness at the hearing on the motion to suppress, and the judge plainly credited his testimony. *Commonwealth* v. *Kitchings*, 40 Mass. App. Ct. 591, 593 n.4 (1996).

After perceiving the odor, and while the driver was still talking to Skinner, Almeida went over to the rear door of the car, opened it and told the defendant to get out. Almeida then saw what appeared to be a roach — the remains of a marijuana cigarette — on the floor of the automobile, near the other rear seat passenger. The roach (which was admitted in evidence) was black and burnt and between one half and three quarters of an inch long.

Almeida told the defendant to put his hands behind his head so that Almeida could keep control over him. As the defendant complied, he bent at the waist and squatted slightly. Almeida became concerned and immediately reached for the defendant's waistband. Finding nothing, he patted the defendant's groin area where he found a cigarette box with the top torn off. In the box were plastic baggies containing what appeared to be marijuana.

Once he placed the defendant in the back of the cruiser, Almeida went back toward the car where another passenger was being removed by an additional officer who had arrived as back-up. The officers observed a plastic baggie containing what appeared to be marijuana on the seat where this passenger had been sitting.

The judge denied the defendant's motion to suppress evidence removed from his person and the car, ruling that, because of the smell perceived by the officers, there was probable cause to search the car and its occupants, including the defendant, for marijuana or evidence of marijuana use.[4]

2. *Discussion.* The defendant contends that the odor of burnt marijuana from within a vehicle does not, standing alone, provide probable cause for the search of a passenger in the car.

---

[4]The record reflects that the judge affirmatively elected to decide the case on this basis rather than adopt an alternative ground argued by the Commonwealth, i.e., that the officers were entitled to order the defendant out of the car to facilitate the search of the vehicle, and that the pat down was then justified by a reasonable concern that the defendant had a weapon.

His argument has two parts. First, he claims that there must be something beyond smell — such as obvious smoke, a furtive movement, or known drug involvement by the suspect — to supply probable cause for the police to search for more marijuana in the vicinity of the odor. Second, he claims that the odor of burnt marijuana in a car containing four people does not provide particularized probable cause to arrest or search the passengers.

The defendant's first argument is contrary to well-established law. Even if other factors may have been present in some cases, we have stated without equivocation that the perception by a police officer with training and experience in narcotics detection of "a strong, fresh odor of burnt marijuana emerging from a motor vehicle provide[s] probable cause to search the vehicle." *Commonwealth* v. *Kitchings, supra* at 596 n.8. See *Commonwealth* v. *Lawrence L.*, 439 Mass. 817, 823 (2003), upholding the legality of the search of a juvenile by a school official who detected a strong marijuana odor emanating from the juvenile's person, and citing to the United States Supreme Court's decision in *Johnson* v. *United States*, 333 U.S. 10, 13 (1948), for the general principle that the requirement of probable cause is satisfied by a qualified individual's perception of a distinctive odor associated with a forbidden substance.

The defendant's second argument is also without merit. After detecting the "pretty heavy" odor of burnt marijuana, the officers had probable cause to believe that marijuana had recently been smoked in the vehicle and that evidence of marijuana use and possession would be found within it. The officers were entitled to search for such evidence, whether or not they had probable cause to arrest any particular occupant. See *Commonwealth* v. *Skea*, 18 Mass. App. Ct. 685, 695 (1984) (probable cause to search is not always congruent with probable cause to arrest); 2 LaFave, Search and Seizure § 3.1(b), at 8 (4th ed. 2004) (probable cause to search may exist without there also being probable cause to arrest, as "[e]ach requires a showing of probabilities as to somewhat different facts and circumstances").

Such a search reasonably could include issuing an exit order to the defendant to facilitate the search of the vehicle, and,

particularly since probable cause was heightened as to him and the other back seat passenger by the discovery of the roach in their vicinity, searching the defendant for additional evidence of use and possession. See *Commonwealth* v. *Allain*, 36 Mass. App. Ct. 595, 601-602 (1994) (after a traffic stop during which an officer saw marijuana cigarettes in the vehicle's ashtray, it was not unlawful for the police to obtain identification from the driver and passengers, order them out of the car, and subsequently search them). Here, the officers were entitled to issue an exit order and search the defendant because the circumstances giving rise to probable cause to search were not limited to any one identified person, the area was confined, the universe of potentially involved individuals was small, and the likelihood of their involvement in criminal activity was strong. See generally *Commonwealth* v. *Baharoian*, 25 Mass. App. Ct. 35, 39 (1987) (discussing criteria for warrants authorizing the search of "any person present"). Compare *Commonwealth* v. *Sampson*, 20 Mass. App. Ct. 970, 971 (1985) (no probable cause to search a person who is merely in close proximity to someone suspected of engaging in illegal activity).

The defendant argues that this result inappropriately assumes that passengers in motor vehicles are complicit in illegality, contrary to the reasoning of *Commonwealth* v. *Gonsalves*, 429 Mass. 658, 662-663 (1999), which held that art. 14 of the Massachusetts Declaration of Rights does not permit police to order passengers out of an automobile during a motor vehicle stop, absent a reasonable belief that the officer's safety, or the safety of others, is in danger. However, the rationale of *Gonsalves* — that a passenger normally is not involved in the operation or condition that prompted the stop — is not applicable here. The relevant illegality in this case was not the expired registration that led to the stop, but the recent smoking of marijuana in the vehicle — an activity that the police reasonably could think was connected to the defendant. See *Commonwealth* v. *Fernandez*, 57 Mass. App. Ct. 562, 565-566 (2003).

3. *Conclusion.* It was lawful for the officers to order the defendant out of the vehicle and to conduct the search that led

to the discovery of contraband inside his pants. The order deny-
ing the defendant's motion to suppress is, accordingly, affirmed.

*So ordered.*